IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEVIN RICHARD BULGER,** | Case No. 6:15-cv-01873-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,**<br>Commissioner of Social Security, | |
| Defendant. | |

Kathryn Tassinari and Drew L. Johnson, 1700 Valley River Dr., Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Jordan D. Goddard, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 Mailstop 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Kevin Richard Bulger ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings consistent with this opinion.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff filed an application for SSI on May 15, 2012, alleging disability beginning September 22, 2011. AR 93. He was 45 years old at the alleged disability onset date. *Id.* He alleged disability due to back pain from a herniated disc. *Id.* The Commissioner denied the claim

PAGE 2 – OPINION AND ORDER

initially and upon reconsideration; Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). AR 129. An administrative hearing was held on April 4, 2014, and the ALJ subsequently ruled that Plaintiff was not disabled under the Social Security Act. AR 14-29. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-4. Plaintiff now seeks judicial review of that decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

PAGE 3 – OPINION AND ORDER

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

PAGE 4 – OPINION AND ORDER

### C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 15, 2012, the date of application. AR 19. The ALJ noted that Plaintiff's part-time work as a waiter for a small restaurant, which he began in April 2013, does not amount to substantial gainful activity based on Plaintiff's earnings. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine with radiculopathy; thoracic neuritis; status post multiple arthroscopies to the knees; and major depression disorder." *Id.* At step three, the ALJ ruled that Plaintiff did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in the regulations. *Id.*

The ALJ next determined Plaintiff's RFC. The ALJ found that Plaintiff retained the capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations: "[Plaintiff] can stand and walk four hours in an eight-hour workday but needs freedom to shift between positions to manage pain; occasionally climb ladders, scaffolds, stairs and ramps; occasionally stoop, kneel, crouch and crawl; and he is limited to simple work tasks." AR 21. In reaching this decision, the ALJ afforded substantial weight to the opinion of state agency medical consultants Dr. Leslie E. Arnold, Dr. Martin Kehrli, and Dorothy Anderson, Ph.D. AR 21. The ALJ also considered the medical testimony of Dr. Mary Gabriele, Dr. Andrew Kokkino, Dr. Gregory M. Phillips, and Scott Pengelly, Ph.D., and the lay witness testimony of Nancy Brown and Dirk Anderson. AR 22-24. Furthermore, the ALJ found that Plaintiff's statements about the "intensity, persistence and limiting effects of [his] symptoms" were not entirely credible. AR 22.

At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. AR 24. At step five, relying on the testimony of a vocational expert ("VE"), the ALJ

PAGE 5 – OPINION AND ORDER

concluded that Plaintiff was "able to perform the requirements of representative occupations"—such as dispatcher, information clerk, and stationary cashier for ticket sales that are intermittent—that exist in significant numbers in the national economy. AR 25-26. The ALJ noted that the VE testified that the "nature and independence" of the three jobs would afford Plaintiff "quite a bit of flexibility or opportunity to shift between positions to manage pain." AR 25. Thus, the ALJ ruled that Plaintiff is not disabled. AR 26.

## DISCUSSION

Plaintiff argues the ALJ erred by: (A) failing to credit the medical opinion of his treating neurosurgeon; (B) failing to give clear and convincing reasons for rejecting Plaintiff's testimony; (C) failing to develop the record regarding Plaintiff's mental impairments; and (D) making an improper step five determination.

**A.  Medical Opinion Evidence**

On March 15, 2012, Dr. Andrew Kokkino, Plaintiff's treating neurosurgeon, conducted an examination of Plaintiff's back and lower extremities. AR 251. In the "subjective" section of his opinion ("Opinion") documenting Plaintiff's complaints, Dr. Kokkino noted that Plaintiff reported continued pain in his lower back and right leg that rendered him "unable to return to work at Amtrak." *Id.* In the "plan" section of his Opinion, Dr. Kokkino stated, "Given the fact that he has a lumbar radiculopathy that is not resolving, obviously he cannot work." *Id.* The ALJ characterized Dr. Kokkino's Opinion as follows: "Dr. Kokkino reported that [Plaintiff] was unable to return to his job with Amtrak." AR 23.

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting the uncontradicted Opinion of Dr. Kokkino that Plaintiff "obviously [] cannot work." Specifically, Plaintiff asserts that the ALJ mischaracterized Dr. Kokkino's Opinion by limiting it to Plaintiff's employment at Amtrak when Dr. Kokkino made no such qualification. The Commissioner

PAGE 6 – OPINION AND ORDER

responds that the ALJ's interpretation was a rational one. The Commissioner points out that in the "subjective" section of the medical report documenting Plaintiff's complaints, Dr. Kokkino noted that Plaintiff alleged only that he was "unable to return to work at Amtrak." The Commissioner argues that it was rational for the ALJ to consider Plaintiff's subjective complaints when interpreting Dr. Kokkino's Opinion and, given this context, to limit that Opinion to Plaintiff's work at Amtrak.

It is the ALJ's responsibility to resolve ambiguities in the record and conflicts in medical evidence. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch,* 400 F.3d at 679; *see also Tackett,* 180 F.3d at 1098 ("If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ."). Here, the ALJ's interpretation of Dr. Kokkino's March 2012 Opinion is a rational one. The ALJ's decision shows the ALJ did not reject Dr. Kokkino's Opinion, as Plaintiff alleges; instead, the ALJ interpreted it to mean Plaintiff was unable to continue work at Amtrak, not in general. The context in which Dr. Kokkino opined that Plaintiff could not work—after Plaintiff reported he was unable to return to his job *at Amtrak*—supports the ALJ's interpretation. Although Plaintiff's interpretation of Dr. Kokkino's Opinion may also be a reasonable one, the Court must uphold the ALJ's interpretation if it is rational. Thus, the ALJ did not err by interpreting Dr. Kokkino's Opinion to mean that Plaintiff was unable to return to work at Amtrak.

## B. Plaintiff's Credibility

Plaintiff contends that the ALJ erred in finding some of Plaintiff's statements regarding the severity of his symptoms and their resulting limitations not to be fully credible. The Commissioner concedes that the ALJ failed to provide sufficient reasons for discounting Plaintiff's symptom testimony. The Commissioner argues, however, that the error is harmless

PAGE 7 – OPINION AND ORDER

because the ALJ accounted for Plaintiff's symptom complaints in the RFC assessment. The Court disagrees.

An ALJ's legal error is harmless when it is "inconsequential to the ultimate nondisability determination." *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). For example, "[a]n ALJ's failure to take into account a severe impairment is harmless where the ALJ considers resulting limitations at a later part of the sequential analysis." *Schwanz v. Colvin,* 2014 WL 4722214 (D. Or. Sept. 22, 2014). The harmless error analysis is fact-intensive, and harmlessness must be analyzed in light of the circumstances of the case, viewing the record as a whole. *See id.*; *Robbins*, 466 F.3d at 885.

Plaintiff asserts that the ALJ failed to consider several of Plaintiff's symptom statements when making the RFC finding. The Court addresses each in turn.

### 1. Walking and standing limitations

Plaintiff disputes the ALJ's finding that Plaintiff could engage in a total of four hours of walking and standing per day. Plaintiff's testimony, however, establishes a stand-and-walk limitation of between two and four hours in an eight-hour workday. When asked how long he could stand or walk before needing to get off his feet, Plaintiff testified, "I work the four hour shifts at the restaurant, can I do that, yes, yes, I can." AR 63. Other testimony by Plaintiff makes his conclusions about a four-hour stand-and-walk limitation less clear. For example, Plaintiff indicated that working the four-hour shifts does cause him some pain and that he did not believe he would last the eight-hour workday were he on his feet for four hours. *Id.* It is clear, however, that Plaintiff agreed with the ALJ that the state agency medical consultant's two-hour limitation was reasonable. AR 64.

Plaintiff's testimony establishes that he could engage in between two and four hours per day of standing and walking. Even if Plaintiff's testimony unequivocally established a two-hour

PAGE 8 – OPINION AND ORDER

limitation, however, any error that may have occurred due to a stand-and-walk limitation of four hours is harmless. The VE identified the same jobs for both two-hour and four-hour stand-and-walk limitations. AR 84-88. Therefore, the disparity is inconsequential to the ultimate determination and any error is harmless.

### 2. Need for breaks

Plaintiff challenges the ALJ's RFC finding regarding Plaintiff's need to rest or take breaks. Plaintiff testified that after his four-hour shifts at the restaurant, he goes home to stretch and lie down. AR 76. Additionally, Plaintiff asserts in his brief that he was able to rest on the job due to the small size and slow pace of the restaurant. As the Commissioner points out, however, Plaintiff did not testify that he was allowed to "rest" at his restaurant job. Rather, Plaintiff asserted that he is "not constantly going" during his shifts. AR 75.

The ALJ's findings account for Plaintiff's testimony by affording him "freedom to shift between positions to manage pain." AR 21. Additionally, the jobs identified by the VE based on the ALJ's RFC finding incorporate these restrictions. The VE testified that all three jobs identified—dispatcher, information clerk, and stationary cashier for ticket sales—accommodate the RFC limitations due to their "nature," "flexibility," and the "independence of their work and their work environment." AR 86-88. Furthermore, the VE described the work for the ticket sales job—with 2,900 jobs existing in Oregon and 305,000 in the national economy—as "intermittent" with "some flexibility" and "[n]ot this constant, constant on task." AR 87. Thus, this job (stationary cashier for ticket sales) meets Plaintiff's need to take breaks as it does not require Plaintiff to be constantly on task. Therefore, even if the RFC failed to account for all of Plaintiff's symptom statements related to his need to rest and take breaks, that error is harmless; substantial evidence supports the ALJ's finding that Plaintiff could perform at least one job that exists in significant numbers in the national economy. *See Volkerts v. Comm'r of Soc. Sec.*

PAGE 9 – OPINION AND ORDER

*Admin.*, 158 F. App'x 916, 917 (9th Cir. 2005) (holding that the ALJ did not err in finding the plaintiff not disabled based on the VE's testimony that the plaintiff's skills were transferable to at least one other job in the national economy); *Thomas v. Barnhart*, 278 F.3d 947, 950 (9th Cir. 2002) (finding that the existence of 1,300 jobs in Oregon and 622,000 jobs in the national economy is a significant number of jobs); *Barker v. Sec'y of Health & Human Servs.,* 882 F.2d 1474, 1479 (9th Cir. 1989) (holding that 1,266 jobs regionally is a significant number of jobs); *King v. Colvin,* 2014 WL 5092216, at *11 n.3 (D. Or. Oct. 8, 2014) (asserting that where the plaintiff is unable to perform all jobs identified by the VE, that error is harmless if substantial evidence supports the finding that the plaintiff could perform at least one job in the national economy).

### 3.  Concentration, persistence, and pace

Plaintiff argues that the ALJ erred by not incorporating his step three finding that Plaintiff has "moderate difficulties" with regard to "concentration, persistence or pace"—specifically, interference with "his ability to focus and concentrate" due to constant pain—into the RFC. AR 20. Plaintiff contends that the error was not harmless because a limitation to simple work does not account for the fact that his chronic pain does not only limit his ability to understand a task, but also limits his ability to stay focused on a task. *See Amanti v. Commissioner,* 2012 WL 5879530, *7 (D. Or. Nov. 19, 2012) ("The question with regard to [the simple work] limitation is not whether Plaintiff can understand instructions, but whether she has the mental capacity to stay on task such that employment is available."). This argument is well taken.

When an ALJ makes a finding of moderate limitations in concentration, persistence, or pace in step three, those limitations must be reflected in the RFC assessment. *Saucedo v. Colvin*, 2014 WL 4631225, at *17-18 (D. Or. Sept. 15, 2014) (failure to include limitations regarding concentration, persistence, or pace in the RFC is reversible error if the ALJ found such

PAGE 10 – OPINION AND ORDER

limitations at step three); *see also Lubin v. Comm'r Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) ("The ALJ must include all restrictions in the [RFC] determination . . . including moderate limitations in concentration, persistence, or pace"). An ALJ's assessment may "adequately capture[ ] restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.2008). The medical testimony relied upon by the ALJ in *Stubbs–Danielson* found that the plaintiff retained the ability to perform simple tasks, notwithstanding some evidence that the plaintiff had deficiencies in pace. *Id. Stubbs–Danielson* is inapplicable, however, to cases where the medical evidence establishes that the plaintiff has restrictions in concentration, persistence, or pace that are not captured in the RFC. *See Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, 212 (9th Cir.2009) ("The medical testimony in Stubbs–Danielson, however, did not establish any limitations in concentration, persistence, or pace. Here, in contrast, the medical evidence establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace. *Stubbs–Danielson*, therefore, is inapposite."); *Graybeal v. Astrue,* 2011 WL 6019434, at *4 (D. Or. Nov. 2, 2011) ("[W]here medical testimony identifies more significant restrictions related to concentration, persistence or pace, an ALJ errs by formulating an RFC limiting claimant only to simple, repetitive work.").

In this case, the medical evidence establishes, and the ALJ accepted, that Plaintiff has moderate limitations in concentration, persistence, and pace. *See* AR 20, 108, 112. The issue, then, is whether the ALJ's RFC assessment sufficiently translates the medical evidence into functional limitations in the RFC. The RFC limits Plaintiff to "simple work tasks" without a further limitation related to concentration, persistence, and pace. AR 21. An RFC that limits Plaintiff to simple work does not incorporate Plaintiff's moderate difficulty with concentration,

persistence, and pace. Therefore, the ALJ failed fully to capture Plaintiff's limitations as the jobs identified by the VE (dispatcher, information clerk, and stationary cashier for ticket sales) may still require focus and concentration despite being "simple work tasks." *See Brink*, 343 F. App'x at 212 ("The hypothetical question to the vocational expert should have included not only the limitation to "simple, repetitive work," but also Brink's moderate limitations in concentration, persistence, or pace.").

Because the ALJ failed to incorporate the accepted limitations in concentration, persistence, and pace into Plaintiff's RFC and the subsequent hypothetical questions posed to the VE, the ALJ erred in relying upon the VE testimony that there were significant jobs in the economy that Plaintiff could perform. *See Flores v. Shalala,* 49 F.3d 562, 570 (9th Cir. 1995) (finding that a hypothetical question posed to a vocational expert must "include all of the [plaintiff's] functional limitations, both physical and mental"); *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the [plaintiff's] limitations, then the . . . testimony has no evidentiary value . . . .").

## C.  Record Development

Plaintiff argues that the ALJ failed adequately to develop the record regarding Plaintiff's mental limitations and should have requested further testing to clarify certain medical evidence. The Court disagrees and finds that the record was not sufficiently ambiguous so as to require further development.

The ALJ has an affirmative duty to ensure the adequate development of the record. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). The duty to fully and fairly to develop the record ensures that the claimant's interests are considered, even when the claimant is represented by counsel. *Smolen*, 80 F.3d at 1283. The responsibility to develop the record "rests with the ALJ in part because disability hearings are inquisitorial rather than adversarial in nature." *Loeks v.*

PAGE 12 – OPINION AND ORDER

*Astrue*, 2011 WL 198146 (D. Or. Jan. 18, 2011) (citing *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000)). The ALJ's duty to develop the record is triggered only by "ambiguous evidence or when the record is inadequate for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). The evidence is "insufficient when it does not contain all the information [the SSA] need[s] to make [its] determination or decision." 20 C.F.R. § 416.920b. Moreover, 20 C.F.R. § 416.920b does not mandate that an ALJ request further testing. Rather, the regulation gives an ALJ the discretion to develop the record further by requesting a consultative examination, among other approaches. *See id.*

      Here, the ALJ reviewed the medical evidence and opinions, including the psychological evaluation by Scott Pengelly, Ph.D. and the opinions of state agency non-examining medical consultants, which included that of psychological consultant Dorothy Anderson, Ph.D. AR 24. The ALJ also considered lay witness testimony. AR 20, 22. The ALJ specifically discussed Dr. Pengelly's notes opining that Plaintiff showed some cognitive deficits and would benefit from pain coping skills training and spinal cord stimulation. AR 24. The ALJ also noted that he gave substantial weight to state agency medical consultants—which include Dr. Anderson—regarding the impact of both medical and mental impairments on Plaintiff's ability to work. AR 24. Dr. Anderson opined that Plaintiff suffered from an affective disorder that limited him to simple tasks. AR 108, 112. In forming her opinion, Dr. Anderson relied on Dr. Kokkino's neurology examination reports, Dr. Phillips' mental status examinations, and Dr. Pengelly's surgical psychological examination. AR 107-08.

      The ALJ ultimately found that Plaintiff suffers from major depressive disorder and adopted Dr. Anderson's opinion that Plaintiff was limited to simple work tasks. TR 19, 21. An ALJ may rely on a non-examining medical consultant's translation of mental impairments into

RFC restrictions. *See Stubbs-Danielson*, 539 F.3d at 1174 ("The ALJ translated [Plaintiff's] condition, including the pace and mental limitations, into the only concrete restrictions available to him—[the state agency non-examining medical consultant's] recommended restriction to 'simple tasks.'"). The ALJ did not express any concern about ambiguity in the evidence. Additionally, Plaintiff points to nothing in Dr. Pengelly's notes that raises an ambiguity sufficient to trigger the ALJ's duty to develop the record further. Plaintiff bears the burden of proving his disability and does not have "an affirmative right to have a consultative examination performed." *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). The ALJ is not required to request clarification of a medical examination if he finds no ambiguity. *See* 20 CFR 416.920b.

### D. Step Five Findings and Remand

After the ALJ determines Plaintiff can no longer perform past relevant work, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the [plaintiff]'s residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the ALJ calls a VE at this step, the ALJ "must propose a hypothetical [to the VE] that is based on medical assumptions supported by substantial evidence in the record that reflects each of the [plaintiff's] limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

Because the Court has found that the ALJ's RFC and hypothetical posed to the VE did not address Plaintiff's difficulty with concentration, persistence, and pace, the Commissioner erred at Step Five. Plaintiff argues that this error requires a remand for an award of benefits because Plaintiff's counsel posed a hypothetical to the VE incorporating a limitation of a person being off-task for two hours each day and the VE testified that such a person was not employable. *See* AR 89. But Plaintiff has provided no evidence—at the hearing or otherwise—

PAGE 14 – OPINION AND ORDER

that two hours off task per day is an accurate estimate of Plaintiff's limitation. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) ("The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel."). Therefore, further administrative proceedings are necessary to account appropriately for Plaintiff's moderate limitations in concentration, persistence, and pace and then to determine whether those limitations preclude him from meeting the demands of competitive work. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time.").

## CONCLUSION

The Court REVERSES the Commissioner's decision that Mr. Bulger is not disabled and REMANDS for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

DATED this 28th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge